IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-358-01 |
| JASON MUZZICATO | : | |

FILED

DEC 17 2019

KATE BARKMAN, Clerk
By _____ Dep. Clerk

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

I. Introduction

Defendant Jason Muzzicato is charged by indictment with possession of firearms by a person subject to domestic violence protective order, in violation of 18 U.S.C. § 922(g)(8) (Count One), possession of a destructive device, in violation of 26 U.S.C. § 5861(d) (Count Two), possession of firearms by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Count Three), and knowingly operating an aircraft ("drone") when not registered, in violation of 49 U.S.C. § 46306(b)(6)(A) (Count Four). These charges arise from the defendant's unlawful possession of firearms and explosives, and the defendant's unlawful use of an unregistered drone (unmanned aerial vehicle), in around Bangor, Northampton County. At the request of the parties, the Court has scheduled a change of plea hearing in this matter for Tuesday, December 17, 2019, at 4:00 p.m.

II. Plea Agreement

The government and defendant have reached a plea agreement, pursuant to Federal Rule of Criminal Procedure 11, in which the defendant shall plead guilty to Counts One, Two and Four of the indictment. Pursuant to the agreement, the government shall, at the time of

1

sentencing, move to dismiss Count Three of the Indictment, charging possession of firearms by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3).

III.  Essential Elements of the Offenses

To establish a violation of Title 18, United States Code, Section 922(g)(8), (possession of firearms by a person subject to domestic violence protective order – Count One), the government must prove beyond a reasonable doubt:

1. the defendant was subject to a restraining order issued after a hearing;

2. the defendant knew he was subject to such an order,

3. the defendant thereafter knowingly possessed a firearm, and

4. the possession was in or affecting interstate commerce.

To prove a violation of Title 26, United States Code, Section 5861(d) (possession of destructive device – Count Two), the government must prove the following elements beyond a reasonable doubt:

1. the defendant knowingly possessed a firearm;

2. this firearm was a destructive device within the meaning of § 5845(f): (1) any explosive ... (A) bomb ...;

3. the defendant knew of the characteristics of the firearm;

4. the firearm was in operating condition; and

5. the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

To prove a violation of Title 49, United States Code, Section 46306(b)(6)(A) (knowingly operating an aircraft when not registered – Count Four), the government must prove the following elements beyond a reasonable doubt:

1. the defendant knowingly and willfully operated an aircraft;

2. the aircraft was eligible for registration under 49 U.S.C. § 44102;

3. the defendant knew the aircraft was not registered under 49 U.S.C. § 44103; and

4. the aircraft was not registered.

IV. Maximum Penalties

The counts of conviction authorize the following statutory maximum sentences: Count One, possession of firearms by a person subject to domestic violence protective order, ten years' imprisonment, three years' supervised release, a $250,000 fine, and a $100 special assessment; Count Two, possession of a destructive device, ten years' imprisonment, three years' supervised release, a $10,000 fine, and a $100 special assessment; and Count Four, knowingly operating an aircraft when not registered, three years' imprisonment, one year supervised release, a $250,000 fine, and a $100 special assessment.

Total Maximum Sentence is: 23 years' imprisonment, a three-year period of supervised release, a $510,000 fine, and a $300 special assessment. Forfeiture of all firearms and ammunition involved in the commission of such offenses, and any aircraft whose use is related to the commission, or to aiding or facilitating the commission, of such offenses.

Supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to two years each of Counts One and Two, and up to one year on Count Four. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

V. Factual Basis for the Plea

If this case were to proceed to trial, the government would present evidence proving that, on June 7, 2019, in Bangor, Northampton County, the defendant unlawfully possessed firearms and homemade explosives, while subject to terms of a protection from abuse order ("PFA"). By law, and by the terms of the PFA, the defendant was prohibited from possessing any firearms. Further, from December 2017 through April 2019, the defendant knowingly operated an unregistered drone (unmanned aerial vehicle).

The evidence at trial would include the testimony of law enforcement and civilian eyewitnesses, admissions of the defendant, and the introduction of court records, government records from the National Firearms Registration and the Transfer Record of the Federal Aviation Administration, surveillance video, and physical exhibits, including firearms, undetonated explosive devices and drones.

Specifically, the government would present evidence that, on November 3, 2017, a PFA was issued against the defendant, in the Court of Common Pleas for Northampton County. The PFA remains active until November 3, 2020. The order was issued following the filing of complaints by the defendant's former girlfriend that she was being harassed by the defendant. The PFA directed, "Defendant is prohibited from possessing, transferring or acquiring any firearms for the duration of this order." It also noted, "If you possess a firearm or any ammunition while this order is in effect, you may be charged with a federal offense even if this Pennsylvania order does not expressly prohibit you from possessing firearms or ammunition. 18 U.S.C. § 922(g)(8)." The defendant was present at the issuance of the PFA, and he was served with a copy of it.

The evidence would further establish that throughout 2018 and 2019, local police in Northampton County were called on numerous occasions to investigate complaints of the detonation of explosive devices on or near the residence of the defendant's former girlfriend. On at least two occasions, responding officers recovered undetonated, cylinder-shaped explosives with attached fuses. On May 18, 2019, one such device was recovered from a property neighboring that of the defendant's former girlfriend. This explosive was disassembled and examined by the FBI laboratory, and it was subsequently determined that the defendant's DNA was found within the device.

The evidence would further establish that, on June 7, 2019, search warrants were executed at the home and business of the defendant. In the defendant's residence, law enforcement agents and officers recovered the following firearms:

1. a Mossberg, Model 500, 12 gauge shotgun, bearing serial number U352411, loaded with five live rounds of ammunition, which was recovered in the defendant's bedroom;

2. a Ruger, Model LCP, .380 caliber semi-automatic pistol, bearing serial number 372207357, loaded with six live rounds of ammunition, which was recovered in the defendant's bedroom;

3. a Taurus, Model PT 24/7 Pro, .40 caliber semi-automatic pistol, bearing serial number SAR09330, loaded with ten live rounds of ammunition, which was recovered in the defendant's bedroom;

4. a Noveske, Model N-4, .223 caliber semi-automatic AR-15 rifle, bearing serial number E00794, loaded with ten live rounds of ammunition, which was recovered in a hallway closet adjacent to the defendant's bedroom;

5. a Del-Ton Inc., Model DTI-15, .223 caliber semi-automatic AR-15 rifle, bearing serial number B-41883, loaded with ten live rounds of ammunition, which was recovered from a gun cabinet in the basement living area of the defendant's residence;

6. a Marlin, Model 60, .22 caliber rifle, bearing serial number 02234231, which was recovered from a gun cabinet in the basement living area of the defendant's residence;

7. a Savage, Model 3, bolt action, 7mm rifle, bearing serial number F700473, which was recovered from a gun cabinet in the basement living area of the defendant's residence;

8. a Walther, Model CCP, 9mm semi-automatic pistol, bearing serial number WK079729, which was recovered from the basement bedroom of an adult relative of the defendant residing in the defendant's residence; and

9. a Ruger, Model LCP, .380 caliber semi-automatic pistol, bearing serial number 371848804, which was recovered from the basement bedroom of an adult relative of the defendant residing in the defendant's residence.

Recovered in the defendant's business was a tenth firearm, that being an American Arms Inc., Model CX, .22 caliber semi-automatic pistol, bearing serial number 003702, loaded with five live rounds of ammunition, which was recovered from a desk drawer, accompanied by the defendant's driver's license. The parties understand and agree that the government may contend at sentencing that the offenses herein involved 8-24 firearms, while the defendant will contend that the offenses involved less than 8 firearms.

Also recovered from the defendant's residence were seven undetonated, cylinder-shaped explosives with attached fuses, which were recovered in the defendant's bedroom. The evidence

would establish that these explosives were identical in construction and appearance to the undetonated explosives found on or around the property of the defendant's former girlfriend.

Also recovered from the defendant's residence were several drones, drone bodies and components for operating drones, including one DJI, Model Phantom 3, unmanned aerial vehicle (drone), white in color, with partial serial number P....0015553.

The government would also present statements made by the defendant to both to civilian eyewitnesses and law enforcement agents. These statements include admissions that he had regularly flown drones, including the aforementioned drone, and that he knew that he was required to register these drones with Federal Aviation Administration but he had not done so. The defendant also acknowledged that he made the explosive devices that were found in his bedroom.

At trial, the government would also present expert testimony establishing that the firearms discussed herein were operable and had traveled in interstate commerce. The government would also present expert testimony that the explosive devices were "destructive devices" within the meaning of § 5845(f). The government would also introduce records establishing that the defendant had not registered either the explosive devices, with the National Firearms Registration, nor his drone operation, with the Transfer Record of the Federal Aviation Administration.

This memorandum sets forth the essential facts that would need to be proven to establish the elements of the offenses charged.

WILLIAM M. MCSWAIN
United States Attorney

*/s/ John Gallagher*
JOHN GALLAGHER
Assistant United States Attorney

Certificate of Service

I hereby certify that a true and correct copy of the Government's Change of Plea Memo has been served upon counsel for Defendant Jason Muzzicato:

>John Waldron, Esquire
>535 Hamilton Street
>Suite 102
>Allentown, PA 18101

>*/s/ John Gallagher*
>JOHN GALLAGHER
>Assistant United States Attorney

Date: December 9, 2019