IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 19-358 |
| | : |
| JASON MUZZICATO | : |

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

**IT IS HEREBY ORDERED THAT:**

    1.    As a result of the defendant's guilty plea to possession of firearms by a person subject to a domestic violence protective order, in violation of 18 U.S.C. § 922(g)(8) (Count One); possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Two); and knowingly operating an aircraft when not registered, in violation of 49 U.S.C. § 46306(b)(6)(A) (Count Four), the defendant hereby forfeits to the United States, all right, title and interest in: (1) pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in knowing violation of 18 U.S.C. § 922(g)(8) (Count One); (2) pursuant to 26 U.S.C. § 5872, any firearms involved in a violation of 26 U.S.C. § 5861(d) (Count Two); and (3) pursuant to 49 U.S.C. § 46306(d), an aircraft whose use is related to a violation of 49 U.S.C. § 46306(b)(6)(A) or to aid or facilitate a violation of 49 U.S.C. § 46306(b)(6)(A) (Count Four).

    2.    The Court has determined, based on the facts set forth at the change of plea hearing and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One and Two of the Superseding Indictment and that the government has established the requisite nexus between such property and such offenses:

a) one (1) Mossberg, Model 500, 12 gauge shotgun, bearing serial number U352411, loaded with five (5) live rounds of ammunition;

b) one (1) Ruger, Model LCP, .380 caliber semi-automatic pistol, bearing serial number 372207357, loaded with six (6) live rounds of ammunition;

c) one (1) Taurus, Model PT 24/7 Pro, .40 caliber semi-automatic pistol, bearing serial number SAR09330, loaded with 10 live rounds of ammunition;

d) one (1) Noveske, Model N-4, .223 caliber semi-automatic AR-15 rifle, bearing serial number E00794, loaded with 10 live rounds of ammunition;

e) one (1) Del-ton Inc., Model DTI-15, .223 caliber semi-automatic AR-15 rifle, bearing serial number B-41883, loaded with 10 live rounds of ammunition;

f) one (1) Marlin, Model 60, .22 caliber rifle, bearing serial number 02234231;

g) one (1) Savage, Model 3, bolt action, 7mm rifle, bearing serial number F700473;

h) one (1) Walther, Model CCP, 9mm semi-automatic pistol, bearing serial number WK079729;

i) one (1) Ruger, Model LCP, .380 caliber semi-automatic pistol, bearing serial number 371848804;

j) one (1) American Arms, Inc., Model CX, .22 caliber, semi-automatic pistol, bearing serial number 003702;

k) seven (7) destructive devices; and

l) and any and all other related ammunition;

as the firearms and ammunition involved in or used in knowing violation of 18 U.S.C. § 922(g)(8) and the firearms involved in a violation of 26 U.S.C. § 5861(d) (hereinafter referred to as the "Subject Firearms and Ammunition").

3. The Court has also determined, based on the facts set forth at the change of plea hearing and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count Four of

the Superseding Indictment and that the government has established the requisite nexus between such property and such offense:

      a) One (1) DJI, Model Phantom 3, unmanned aerial vehicle (drone), white in color, with partial serial number P…0015553;

as the aircraft whose use was related to a violation of 49 U.S.C. § 46306(b) or to aid or facilitate a violation of 49 U.S.C. § 46306(b) (hereinafter referred to as the "Subject Aircraft").

    4.     The defendant's interest in the Subject Firearms and Ammunition, that were involved in or used in knowing violation of 18 U.S.C. § 922(g)(8) (Count One) and involved in a violation of 26 U.S.C. § 5861(d) (Count Two), to which the defendant admitted guilt, are forfeited to the United States.

    5.     The defendant interests in the Subject Aircraft, that was used in relation to a violation of 49 U.S.C. § 46306(b) or to aid or facilitate a violation of 49 U.S.C. § 46306(b) (Count Four), to which the defendant admitted guilt, is forfeited to the United States.

    6.     Upon the entry of this Order, the United States is authorized to seize the Subject Firearms and Ammunition, described at paragraph 2 above, and the Subject Aircraft, described at paragraph 3 above, and to dispose of the Subject Firearms and Ammunition and Subject Aircraft in accordance with Fed. R. Crim. P. 32.2(b)(3).

    7.     Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rules of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

8. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, of the government's intent to dispose of the Subject Firearms and Ammunition and the Subject Aircraft in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Firearms and Ammunition and the Subject Aircraft, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

9. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

10. Any person, other than the defendant, asserting a legal interest in the Subject Firearms and Ammunition and/or the Subject Aircraft may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Firearms and

Ammunition and/or the Subject Aircraft, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

11. Pursuant to Fed. R. Crim. P. 32.2(b)(4) the Preliminary Order of Forfeiture shall be made final, as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in the sentence and in the judgment).

12. Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

13. The United States shall have clear title to the Subject Firearms and Ammunition and the Subject Aircraft following the Court's disposition of all third-party interests.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI") and to counsel for the parties.

**ORDERED this** 22nd **day of September, 2020.**

/s/ Joseph F. Leeson, Jr.
HONORABLE JOSEPH F. LEESON, JR.
*Judge, United States District Court*